UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 19-1561 FMO (AGRx) | Date | April 29, 2019 |
|---|---|---|---|
| Title | Crystal Schroeder v. PetSmart, Inc. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order Re: Pending Motions and Remanding Action

On January 16, 2019, Crystal Schroeder ("Schroeder" or "plaintiff") filed a complaint ("Complaint") in the Ventura County Superior Court ("state court") against PetSmart, Inc. ("PetSmart" or "defendant"), asserting a state-law claim for premises liability based on a slip-and-fall incident at PetSmart.  (See Dkt. 1-1, Complaint).  On March 4, 2019, PetSmart removed the instant action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332.  (See Dkt. 1, Notice of Removal ("NOR") at ¶ 5).  Having reviewed the pleadings and the briefing filed with respect to plaintiff's Motion to Remand (Dkt. 12, "Motion") and Motion for Leave to File First Amended Complaint (Dkt. 13, "Motion for Leave to Amend"), the court hereby grants the Motion for Leave to Amend and remands this action to state court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994).  The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006).  Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress."  Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted).  Where Congress has acted to create a right of removal, those statutes, unless otherwise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1561 FMO (AGRx) | Date | April 29, 2019 |
|---|---|---|---|
| Title | Crystal Schroeder v. PetSmart, Inc. | | |

stated, are strictly construed against removal jurisdiction.¹ See id. Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same). A removing defendant bears the burden of establishing that removal is proper. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., 537 U.S. at 33, 123 S.Ct. at 370. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and. . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

**DISCUSSION**

The court's review of the NOR and the attached Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, in that plaintiff does not competently allege facts supplying diversity jurisdiction, and therefore removal was improper. See 28 U.S.C. § 1441(a);²

---

¹ For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

² Title 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1561 FMO (AGRx) | Date | April 29, 2019 |
|---|---|---|---|
| Title | Crystal Schroeder v. PetSmart, Inc. | | |

Caterpillar Inc., 482 U.S. at 392, 107 S.Ct. at 2429 ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

    As an initial matter, plaintiff has identified a Doe defendant that destroys diversity, and seeks leave of court to amend her complaint to add that defendant. (See Dkt. 12-1, Memorandum of Points and Authorities in Support of Motion to Remand [] at 3-4 & 6; Dkt. 13, Motion for Leave). Having reviewed the briefing filed with respect to the Motion for Leave to Amend and given that the court "should freely give leave [to amend] when justice so requires[,]" Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (The policy favoring amendment must "be applied with extreme liberality."), the court will grant plaintiff's Motion for Leave to Amend. Having granted the Motion for Leave to Amend, the instant case is subject to remand on that basis alone. See 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

    In addition, even assuming the naming of the Doe defendant did not destroy diversity, the instant case would be subject to remand because PetSmart has failed to meet its burden of proving by a preponderance of the evidence that the amount in controversy meets the $75,000 jurisdictional threshold. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116-17 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). The court notes that the amount of damages plaintiff seeks cannot be determined from the Complaint, as it does not set forth a specific amount. (See, generally, Dkt. 1-1, Complaint). PetSmart, however, contends that concurrently with the Complaint, plaintiff served a Statement of Damages indicating that plaintiff is seeking $1,000,000 in general damages and $3,500,000 in special damages.[3] (See Dkt. 1, NOR at ¶ 11 & Exh. D (Statement of Damages)). A statement of damages "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002). "A plaintiff's damage estimate will not establish the amount in controversy, however, if it appears to be only a bold optimistic prediction." Romsa v. Ikea U.S. West, Inc., 2014 WL 4273265, *2 (C.D. Cal. 2014) (internal quotation marks omitted). Here, it is clear that the $4,500,000 in damages set forth in the Statement of Damages is simply a "bold optimistic prediction[,]" id., it is not a reasonable estimate of plaintiff's claim. See id. ("The leap from $4,597.77 in medical expenses

---

    brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[3] Because PetSmart removed the action within thirty days of receiving the Statement of Damages, it contends that removal is timely. (See Dkt. 1, NOR at ¶ 3); see 28 U.S.C. §§ 1446(b)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1561 FMO (AGRx) | Date | April 29, 2019 |
|---|---|---|---|
| Title | Crystal Schroeder v. PetSmart, Inc. | | |

incurred to [defendant's] assertion that [plaintiff's son] has suffered damages in excess of $75,000 because he cries a lot and wakes up several times a night is difficult to credit. [Defendant] cites no facts that indicate a damages award anywhere near $75,000 – let alone $1,000,000 – is likely."). Significantly, the Statement of Damages cites no facts to explain how plaintiff determined the $4,500,000 amount. (See, generally, Statement of Damages); see Romsa, 2014 WL 4273265, at *2 (noting that plaintiff's statement of damages did not explain how he arrived at his figures); Owens v. Westwood College Inc., 2013 WL 4083624, *4 (C.D. Cal. 2013) (finding that plaintiff's settlement demand letters could not be used to establish the amount in controversy requirement because they "demand[ed] an arbitrary settlement figure, with no showing of how [the] figure was calculated").

In short, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that PetSmart has met its burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. See Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court."); Valdez, 372 F.3d at 1117. Therefore, there is no basis for diversity jurisdiction. See 28 U.S.C. § 1332.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's Motion for Leave to Amend **(Document No. 13)** is **granted**. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Ventura, 800 South Victoria Avenue, Ventura, California 93009, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

3. Except as set forth above, all other pending motions are denied as moot.

Initials of Preparer      vdr